UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEED AHMAD,

                       Plaintiff,

           -against-

JUDGE JOSEPH B. GIRARDI, et al.,

                  Defendants.

1:23-CV-3797 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Rasheed Ahmad, who filed this action *pro se*, asserts claims under 42 U.S.C. §§ 1982, 1983, 1985, and 1986; 18 U.S.C. §§ 205, 241, 242, and 1038; 28 U.S.C. §§ 141, 454, 455, and 1361; 17 U.S.C. § 501; and 5 C.F.R. § 2635.100.[1] He seeks damages and injunctive relief, and names as defendants: (1) Judge Joseph B. Girardi, of the District Court of Nassau County; (2) Stevenson Barnes, of the Nassau County Police Department; (3) Paul Laurino, of the Nassau County Police Department; (4) "Farrandino or Ferrandino," of the Nassau County Police Department; (5) Ilene Biaica, a "Branch Manager at Unified Court System of New York State Hempstead" (ECF 5, at 11); (6) Madeline Singas, the former Nassau County District Attorney; (7) Anne T. Donnelly, the current Nassau County District Attorney; (8) Alexandra Russell, a Nassau County Assistant District Attorney; (9) James Sullival, who appears to be alleged to be a Nassau County District Court Clerk; (10) Campanelli & Associates P.C., a law firm; and (11) unspecified "Court Officers."

       The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983, and, possibly, under 42 U.S.C. §§ 1985 and 1986, as well as claims under state law. For

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF 5.)

the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United

States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought for such claims in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial

district where the person is domiciled, and any other "entity with the capacity to sue and be

sued," if a defendant, resides in any federal judicial district where it is subject to personal

jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff's claims appear to arise from his arrest in Nassau County, New York, and his

subsequent prosecution in the District Court of Nassau County. Plaintiff does not specify the

residence of any of the defendants, only asserting that the alleged events giving rise to his claims

occurred in Nassau County. Because, even if all of the defendants do reside within the State of

New York, none appear to reside within this federal judicial district,[2] it is clear that venue is not

proper in this court under Section 1391(b)(1).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

---

[2] This federal judicial district, the Southern District of New York, is comprised of the
following counties within the State of New York: (1) New York (New York City Borough of
Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess;
(5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See*  28 U.S.C. § 112(b).

it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims allegedly arose in Nassau County, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, under Section 1391(b)(2), venue lies in the United States District Court for the Eastern District of New York, and in the interest of justice, this Court transfers this action to that court. *See* §§ 1391(b)(2), 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 11, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3